UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ALEXANDER S. JONES, #1115035

    Petitioner,

v.                                      CIVIL ACTION NO. 2:15cv397

HAROLD W. CLARKE,
Director, Virginia Department of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alexander S. Jones is a Virginia inmate presently serving an active sentence of eight years following his conviction in the Circuit Court of Sussex County for distributing cocaine. Jones's federal habeas petition asserts challenges to his underlying distribution conviction, as well as other convictions for resisting arrest and possession of marijuana for which he has already completed his sentence.

The Respondent moved to dismiss the petition, arguing that Jones's claims are time-barred, procedurally defaulted, and without merit. Jones was served with a copy of the motion, notice of his right to respond, and the consequences of failing to do so. (ECF No. 19). Jones did not respond, and the time for responding has now expired. After reviewing the petition, the undersigned concludes that Jones's claims are either time-barred or procedurally defaulted, and he has not made the requisite showing to overcome the defaults and obtain federal review. Accordingly, this report recommends that the court grant Respondent's motion (ECF No. 11), and dismiss the petition.

## I. STATEMENT OF THE CASE

Jones was convicted of resisting arrest and possession of marijuana by the Circuit Court of Sussex County on May 9, 2012. Sentencing Order, Commonwealth v. Jones, Nos. CR11-272 & CR11-273 (Va. Cir. Ct. May 18, 2012) (ECF No. 1, at 54). He appealed his conviction to the Court of Appeals of Virginia, which denied the appeal in a written per curiam opinion. Jones v. Commonwealth, No. 886-12-2 (Va. Ct. App. Dec. 13, 2012). He did not petition the Supreme Court of Virginia for further review.

Separately, Jones was indicted and tried on charges of distribution of cocaine, third offense. Following a jury trial on the cocaine charges, he was convicted and sentenced to eight years in prison. Sentencing Order, Commonwealth v. Jones, No. CR11-148 (Va. Cir. Ct. Apr. 4, 2012). The Court of Appeals of Virginia denied his appeal on the charges, Jones v. Commonwealth, No. 0538-12-2 (Va. Ct. App. Sept. 13, 2012), and the Supreme Court of Virginia refused his appeal, Jones v. Commonwealth, No. 121710 (Va. Dec. 18, 2012).

Almost one year later, on December 5, 2013, Jones signed his state petition for habeas relief related to both trials which he thereafter filed in the Circuit Court of Sussex County. State Habeas Pet., Jones v. Virginia Dept. of Corr., No. CL14-102 (Va. Cir. Ct. Dec. 5, 2013). The state petition sought relief on six grounds:

1. Jones's sentence on the marijuana possession charge was in excess of the maximum authorized by statute.

2. Jones's conviction on the distribution charge was unconstitutional because the trial court should not have admitted video evidence of the transaction underlying his conviction.

3. Jones's convictions for marijuana possession and resisting arrest were unconstitutional because his arrest and search violated the 4th Amendment.

4. The evidence was insufficient to support Jones's distribution conviction.

> 5. Prosecutorial misconduct based on the alleged knowing use of false testimony and suppression of exculpatory evidence.
>
> 6. Ineffective assistance of trial counsel in the examination of witnesses and pretrial investigation.

Id.

The Circuit Court of Sussex County, in a written opinion, dismissed claims two, three and five pursuant to the rule articulated in Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974) because Jones could have raised these claims at trial or on direct appeal and failed to do so. Jones v. Virginia Dep't Corr., No. CL14-102 (Va. Cir. Ct. Aug. 20, 2014). The court dismissed claim four under the rule in Henry v. Warden, 576 S.E.2d 495, 496 (2003) because Jones had previously presented his sufficiency challenge on direct appeal. The court also denied Jones's ineffective assistance of counsel claims, finding that they met neither prong of the constitutional test for effective counsel outlined in Strickland v. Washington, 466 U.S. 668 (1984). The court did, however, grant Jones relief on his first claim, finding that he had been sentenced in excess of the maximum allowed by statute on his marijuana possession charge because the record at trial did not establish the prior conviction necessary to impose a 12-month sentence. Accordingly, the court remanded the case for resentencing on that case only (No. CR11-273). The resentencing occurred October 15, 2014, and Jones received a new sentence of 30 days in jail on his marijuana possession conviction. Although Jones obtained relief on this claim, he failed to perfect an appeal of his remaining claims to the Supreme Court of Virginia.

On August 13, 2014, Jones filed the petition for a writ of habeas corpus currently before this court. (ECF No. 1, at 14). His federal petition alleges four claims for relief:

> 1. Violation of Jones's constitutional rights in the admission of video evidence of the controlled drug transaction underlying his distribution conviction, and related violation of 6th Amendment rights of confrontation and improper coaching of the Government's informant.

3

2. Violation of Jones's 4th Amendment rights in his search and arrest on the marijuana possession and resisting arrest charges.

3. Insufficiency of the evidence underlying his distribution conviction.

4. Ineffective assistance of trial counsel in the failure to challenge the Commonwealth's failure to properly authenticate the video or corroborate the testimony of the informant on his distribution conviction.

(ECF No. 1). On November 9, 2015, Respondent timely filed its answer and motion to dismiss in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. (ECF Nos. 11-14). Respondent argues that nearly all of Jones's claims are time-barred. Secondarily, Respondent contends that the state court decisions refusing Jones's claims were based on adequate and independent procedural grounds precluding federal review. (ECF No. 13).

Jones did not respond to the Motion to Dismiss, and the time for responding has now expired. After reviewing Jones's claims, this Report concludes that his federal petition is largely time-barred. Any timely claims have been procedurally defaulted, and Jones has not presented any basis to excuse the untimely filing or obtain review of defaulted claims.

II. **RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A. **Jones's Habeas Petition is Time-Barred.**

Jones's federal habeas petition is mostly barred by the statute of limitations. Federal law requires that any individual alleging a violation of federal rights with regard to a state conviction must file a petition for writ of habeas corpus in federal court no later than one year after "the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Supreme Court of Virginia refused

4

Jones's direct appeal on December 18, 2012, and that decision became final on March 18, 2013,[1] after the expiration of the ninety-day period during which Jones could have filed a petition for a writ of certiorari to the Supreme Court of the United States. Sup. Ct. R. 13:1; Cox v. Angelone, 997 F. Supp. 740, 744 (E.D. Va. Mar. 11, 1998). March 18, 2014, therefore marked the initial statutory deadline for Jones's federal habeas petition.

A timely-filed, active state post-conviction proceeding, however, will toll the statute of limitations until the state proceeding is terminated. 28 U.S.C. § 2244(d)(2). Jones filed his state habeas petition on December 5, 2013, at which point 262 days had elapsed of the one-year federal habeas deadline. Though tolled by the filing of the state petition, the federal limitation period continued after the Circuit Court of Sussex County entered its Final Order granting in part and denying in part Jones's state habeas claims. The state court granted resentencing solely on the marijuana possession charge. At that time, 103 days remained of the one year limitation period, with the deadline expiring on January 3, 2015, as to any claims related to Jones's convictions for resisting arrest or distributing cocaine.

Jones filed the present petition on August 13, 2015. (ECF No. 1, at 30). This filing exceeded the tolled statutory deadline by over seven months. A petition submitted after the one-year statute of limitations is time-barred and must be dismissed absent grounds for equitable tolling. 28 U.S.C. § 2244(d); Holland v. Florida, 560 U.S. 631, 634 (2010). Jones, however, has provided no rationale for his failure to file a timely petition, demonstrating neither diligence nor any exceptional obstacle to prevent his timely filing. Holland, 560 U.S. at 634. Therefore, Jones is not entitled to equitable tolling. Although claims of "actual innocence" may, in rare cases, permit the court to examine an untimely filing, Jones does not present any new evidence to

---

[1] Jones's federal petition asserts claims related to both trials, but the cocaine conviction was the last to be concluded, and the latest date on which the limitations period began to run.

support—nor does he make—such a claim. McQuiggin v. Perkins, 133 S.Ct. 1924 (2013). In his federal petition, Claims one, three, and four relate exclusively to Jones's conviction and sentence for distribution of cocaine. Because these claims are time barred and Jones has not presented a basis to excuse the delay, this report recommends the court dismiss these three claims.

B.   **Jones's Only Timely Claim is Procedurally Defaulted.**

Jones's resentencing on the marijuana possession charge effectively extended the limitation period for claims related to that trial. Because Jones was resentenced within one year of the filing date of his present habeas petition, any claims related to that trial would be timely. Of his federal claims, only Claim two, related to alleged Fourth Amendment violations in connection with that conviction, would be timely. However, the Circuit Court of Sussex County denied this claim on the authority of Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), and Jones did not appeal the denial to the Supreme Court of Virginia. As a result, the claim is procedurally defaulted in this court, and barred from federal review.

Before seeking a writ of habeas corpus from a federal court, petitioners must exhaust the remedies available to them in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). The state prisoner must give the state court an initial opportunity to consider the alleged constitutional errors that occurred in his state trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). In order "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275-76 (1971). This "generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court."

Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993). In other words, Jones must have "present[ed] the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006).

If a petitioner presents unexhausted claims, the court may dismiss the federal petition without prejudice to permit exhaustion. See, e.g., George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). However, "when it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded." Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); see also Gray v. Netherland, 518 U.S. 152, 161 (1996). This is so because federal habeas review under § 2254 is limited to review of the state court's decision on a merits issue cognizable under federal law.[2] That is, the existence of a procedural bar in state court will render a petitioner's claims both exhausted and defaulted at once when presented in federal court, so long as the state procedural bar rests on independent and adequate state law grounds. See Bassette, 915 F.2d at 937. That is the case here.

Jones did present his Fourth Amendment claims in a state habeas petition. See State Habeas Pet., Jones v. Virginia Dept. of Corr., No. CL14-102 (Va. Cir. Ct. Dec. 5, 2013). The petition was considered and denied in a written opinion by the Circuit Court of Sussex County. Jones v. Virginia Dept. of Corr., No. CL14-102 (Va. Cir. Ct. Nov. 18, 2015). But Jones failed to appeal the denial to the Supreme Court of Virginia. That procedural default in the state court prevented Jones from presenting the claims raised in his circuit court habeas petition to the

---

[2] In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," because "Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

Supreme Court of Virginia. His original circuit court filing also barred a new petition in the Supreme Court of Virginia alleging the same grounds. See Va. Code Ann. § 8.01-654(B)(2). These rules are independent and adequate state law grounds which prevent Jones from now exhausting his Fourth Amendment claims presented here.[3] Because Jones cannot now present these claims to the Supreme Court of Virginia, they are exhausted, defaulted, and precluded from federal habeas review by this court. See Gray, 518 U.S. at 161-62 (discussing § 2254(b) and Virginia Code § 8.01-654(B)(2)).

A petitioner may overcome a procedural default by showing "cause and prejudice" or by establishing that his confinement constitutes "a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). The court may excuse a default under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and (2) that "errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 152, 170 (1982)). Jones has not attempted to meet the cause and prejudice standard, and the court's own review of the record discloses no evidence suggesting that he could.

### III. RECOMMENDATION

Jones's habeas petition is time-barred and not subject to equitable tolling. His only timely claim is procedurally defaulted and barred from federal review. Accordingly, the undersigned recommends that the Respondent's Motion to Dismiss (ECF No. 11) be GRANTED

---

[3] Likewise, the state circuit court decision denying his Fourth Amendment claims relied on the authority of Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), another adequate and independent state procedural ground. Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997).

and Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus be DENIED and DISMISSED with prejudice.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the petitioner and to provide an electronic copy to counsel of record for the respondent.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April ___, 2016

### Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to:

Alexander Jones, #1115035
Deerfield Men's Work Center
15172 Old Belfield Road
Capron, VA 23829

A copy of the foregoing was provided electronically this date to:

Michael Thomas Judge
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

___4|8___, 2016